UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

---

MISSISSIPPI MEDICAL PROFESSIONALS FOR INFORMED CONSENT,

-and-

INFORMED CONSENT ACTION NETWORK,

          Plaintiffs,

-against-

CENTERS FOR DISEASE CONTROL AND PREVENTION,

-and-

U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,

          Defendants.

Civil Action No. 1:25cv154 TBM-RPM

---

**COMPLAINT**

Plaintiffs Mississippi Medical Professionals for Informed Consent ("**MMPFIC**") and Informed Consent Action Network ("**ICAN**", collectively "**Plaintiffs**") bring this action against defendants Centers for Disease Control and Prevention ("**CDC**") and the United States Department of Health and Human Services ("**HHS**") (collectively, "**Defendants**") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("**FOIA**"). As grounds therefor, Plaintiffs allege as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant 5 U.S.C. § 522(a)(4)(B) and 28 U.S.C. § 1331.

## PARTIES

3.      Plaintiff MMPFIC is a not-for-profit organization formed and existing under the laws of the state of Mississippi, with its principal office located at 6646 Alii Place, Diamondhead, Mississippi 39525. Plaintiff is in good standing with the Mississippi Secretary of State.

4.      Plaintiff ICAN is a not-for-profit organization formed and existing under the laws of the state of Texas, with its principal office located at 2025 Guadalupe Street, Suite 260, Austin, Texas 78705. Plaintiff is in good standing with the Texas Secretary of State.

5.      Defendant CDC is an agency within the Executive Branch of the United States Government, organized within HHS. CDC is an agency within the meaning of 5 U.S.C. § 552(f) and has possession, custody, and control of records to which Plaintiffs seek access.

6.      Defendant HHS is an agency within the Executive Branch of the United States Government. HHS is an agency within the meaning of 5 U.S.C. § 552(f) and has possession, custody, and control of records to which Plaintiffs seek access.

## STATEMENT OF FACTS

7.      On June 13, 2024, Plaintiffs sent a FOIA request to CDC seeking copies of the following records:

> The protocol and all data sets for the study titled, "Prevalence, incidence, and progression of human immunodeficiency virus infection in homosexual and bisexual men in hepatitis B vaccine trials, 1978-1988" published by the American Journal of Epidemiology in December 1989, attached hereto as Attachment A.
>
> Information helpful to fulfilling the request: Responsive records should include, but not be limited to, the following:

> (1) The total number of trial participants who contracted human immunodeficiency virus (HIV) and who received at least one dose of the hepatitis B vaccine.
> (2) The total number of trial participants who contracted HIV and who received the placebo only.
> (3) The HIV infection rate by number of doses among trial participants by year.

(**Exhibit 1**.)

8. Defendant CDC acknowledged Plaintiffs' FOIA request on June 17, 2024, and the request was assigned 24-01222-FOIA. (**Exhibit 2**.)

9. On July 15, 2024, CDC sent Plaintiffs its final determination letter, which stated in relevant part:

> A search conducted by personnel at the National Center for HIV, Viral Hepatitis, STD and TB Prevention (NCHHSTP) of their electronic records and databases failed to reveal any documents pertaining to your request.

(**Exhibit 3**.)

10. Plaintiffs submitted its appeal to CDC's final determination on September 18, 2024, challenging the CDC's adequacy of search. (**Exhibit 4**.)

11. On September 24, 2024, the appeal was received and assigned 2024-00282-A-PHS. (**Exhibit 5**.)

12. As of the date of this Complaint, Defendants have failed to: (i) determine whether to comply with the request as required under 5 U.S.C. § 552(a)(6)(A)(i); (ii) notify Plaintiffs of any such determination or the reasons therefor as required under § 552(a)(6)(A)(i)(I); (iii) advise Plaintiffs of the right to appeal any adverse determination not to comply with the request, as required under § 552(a)(6)(A)(i)(III)(aa); (iv) notify Plaintiffs of the determination of its appeal; or (v) produce the requested records or otherwise demonstrate that the requested records are exempt from disclosure pursuant to § 552(b).

**COUNT I**
**FAILURE TO MAKE DETERMINATION BY REQUIRED DEADLINE**
**(VIOLATION OF FOIA, 5 U.S.C. § 552)**

13. Plaintiffs reallege the previous paragraphs as if fully stated herein.

14. Defendants are in violation of FOIA.

15. 5 U.S.C. § 552(a)(6)(A)(ii) requires Defendants to make a final determination on Plaintiffs' appeal no later than twenty (20) business days from acknowledgement of the appeal. Because Defendants failed to make a final determination on Plaintiffs' request within the time limits set by FOIA, under § 552(a)(6)(C)(i) Plaintiffs are deemed to have exhausted their administrative appeal remedies.

16. Plaintiffs are being irreparably harmed by reason of Defendants' violation of FOIA and Plaintiffs will continue to be irreparably harmed unless Defendants are compelled to comply with the law.

17. Plaintiffs have no adequate remedy at law.

**COUNT II**
**FAILURE TO PROVIDE AN ESTIMATED COMPLETION DATE**
**(VIOLATION OF FOIA, 5 U.S.C. § 552)**

18. Plaintiffs reallege the previous paragraphs as if fully stated herein.

19. Defendants are in violation of FOIA.

20. The agency never provided an estimated date on which the agency would complete its action on the request.

**COUNT III**
**IMPROPER WITHHOLDING OF INFORMATION AND DATA**
**(VIOLATION OF FOIA, 5 U.S.C. § 552)**

21. Plaintiffs reallege the previous paragraphs as if fully stated herein.

22. Defendants have failed to establish that they adequately applied an exemption to or adequately withheld any responsive records.

23. Defendants are in violation of FOIA.

## COUNT IV
## FAILURE TO ESTABLISH AN ADEQUATE SEARCH
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

24. Plaintiffs reallege the previous paragraphs as if fully stated herein.

25. Defendants have failed to establish that they adequately searched for responsive records, as required by 5 U.S.C. § 552 (a)(3)(C) and (D), and despite Plaintiffs' challenge to same in Plaintiffs' appeal.

26. Defendants are in violation of FOIA.

## COUNT V
## ENTITLEMENT TO WAIVER OF SEARCH AND DUPLICATION FEES

27. Plaintiffs reallege the previous paragraphs as if fully stated herein.

28. Defendants are in violation of FOIA.

29. Plaintiffs sought a waiver of search and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II).

30. Plaintiffs are further entitled to a waiver of fees pursuant to 5 U.S.C. § 552(a)(4)(A)(viii) because Defendants failed, within 20 days, to produce the requested records and otherwise failed to comply with the statutory requirements of 5 U.S.C. § 522 within the time limits set forth therein.

## REQUESTED RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

a. Declare that Defendants' current and continued delay in processing Plaintiffs' FOIA request is unlawful under FOIA;

  b. Order Defendants to conduct searches for any and all records responsive to Plaintiffs' FOIA request and demonstrate that they employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiffs' FOIA request;

  c. Order Defendants to produce, by a date certain, any and all non-exempt records responsive to Plaintiffs' FOIA request and a *Vaughn* index of any responsive records withheld under any claimed exemption;

  d. Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiffs' FOIA request;

  e. Maintain jurisdiction over this action pursuant to 552(a)(6)C)(i) until Defendants comply with FOIA and all orders of this Court;

  f. Grant Plaintiffs an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E);

  g. Grant Plaintiffs a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(viii); and

  h. Grant Plaintiffs such other relief as the Court deems just and proper.

Dated: May 29, 2025        SIRI & GLIMSTAD LLP

                 */s/ R. Scott Pietrowski*
                 R. Scott Pietrowski
                 Mississippi Bar No. 99387
                 4780 I-55 North – Suite 100
                 Jackson, Mississippi 39211
                 Tel: (240) 732-6737
                 spietrowski@sirillp.com

                 Elizabeth A. Brehm*
                 745 Fifth Ave, Suite 500
                 New York, New York 10151
                 Tel: (240) 732-6737
                 ebrehm@sirillp.com

                 **pro hac vice* to be submitted